UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>RUSSELL CALKINS,<br><br>                  Defendant. | 3:03-cr-00200-LRH-VPC<br><br><u>ORDER</u> |

On May 19, 2004, Russell Calkins was sentenced following his guilty plea to the felony offense of Illegally Storing Toxic Waste Without a Proper Permit, a violation of 42 U.S.C. 6928(d)(2). He was granted five (5) years probation with various special conditions. At the time of sentencing there was an issue concerning the availability of restitution as a condition of probation. The issue was briefed by the parties and in its order of September 22, 2004 (Doc. #19), the court concluded that restitution was available. A hearing was held on December 10, 2004, to determine an appropriate restitution amount. Supplemental briefing followed and an award of restitution has been long pending before the court.

The court has reviewed the exhibits and testimony presented at the restitution hearing, all briefs that have been submitted by the parties and concludes that an order of restitution should be entered in favor of victim DP Partners, formerly Dermody Industrial Group (hereafter "Dermody") in the amount of One Hundred Eighty-Two Thousand, Six Hundred Thirty-One Dollars and 82/100 cents ($182,631.82). This represents the direct costs incurred by Dermody for remediation and clean up of the toxic material contamination caused by Defendant Calkins

upon Dermody's property.

The court notes that there were other restitution claims submitted on behalf of Dermody as well as by the Washoe County District Health Department. While the court recognizes that these costs and losses were likely incurred as a result of the Defendant's criminal misconduct, the court is not including them in the restitution award principally because of the significant amount of restitution which is being awarded.

Ordering restitution as a factor of the Defendant's sentencing upon his criminal conviction is discretionary and requires the court to consider various factors pursuant to Title 18, U.S.C. § 3663. The court has considered those factors and concludes that the restitution award in favor of Dermody is the appropriate restitution to be ordered in this case.

IT IS SO ORDERED.

DATED this 3rd day of January, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE